UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

IN RE: JOHNSON & JOHNSON INC. :

26-MC-308 (JPC) (RWL)

**ORDER TO TRANSFER**

-----------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This miscellaneous action was initiated on June 18, 2026, by Petitioners' motion to compel respondent Johnson & Johnson ("J&J") to comply with a non-party subpoena issued pursuant to Federal Rule of Civil Procedure 45. (Dkt. 1.) The subpoena requests that J&J produce a corporate representative to testify at deposition on behalf of J&J. (*See* Dkt. 1-5.) Petitioners request that this Court transfer the dispute to the court where the underlying case is venued or otherwise grant the motion on the merits. The underlying case is a multidistrict litigation pending in the Northern District of California, captioned *In re: McKinsey & Co., Inc., National Opiate Consultant Litigation*, No. 3:21-MD-02996 (the "MDL"). J&J opposes transfer and seeks to quash the subpoena. (*See* Dkt. 8.)

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee's 2013 Note to Rule 45(f) suggests that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas" but that "[i]n some circumstances ... transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely

to arise in discovery in many districts." Fed. R. Civ. P. 45, 2013 Amendment Advisory Committee Note, Subdivision (f). "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation." *American Plan Administrators v. South Broward Hospital District*, 39 F.4th 59, 61 (2d Cir. 2022). Courts in this District have "transferred similar motions to the issuing court where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." *Full Circle United, LLC v. Bay Tek Entertainment, Inc.*, 581 F. Supp.3d 523, 525 (S.D.N.Y. 2022) (internal quotation marks, citations, and alterations omitted).

Transfer of this action to the Northern District of California is appropriate in this case for multiple reasons, which, taken together, the Court finds to be exceptional. As J&J acknowledges, the underlying opioid litigation is a complex case in which the parties have, among other discovery material, access to "a vast trove of J&J materials." (Dkt. 8 at 3.) The litigation is advanced, having been filed at least five years ago. Discovery is also well advanced. Indeed, Petitioners served the subpoena on J&J "less than a month before the close of discovery." (Dkt. 8 at 4.) The Northern District of California, including Magistrate Judge Sallie Kim, has extensive experience with the MDL, its management, its scheduling, and the specific issue raised by Petitioners' motion to compel. (*See* Dkt. 8 at 7 (describing letter briefing before Judge Kim).) And, perhaps for these same reasons, Judge Kim issued an order expressly "invit[ing] the court in the Southern District of New York to transfer the dispute to [the Northern District of California] under Rule 45(f), as an 'exceptional' circumstance.'" (Dkt. 1-4 at ECF 3.) As Judge Kim explained, she

"has been adjudicating this case as a multidistrict litigation since 2021 and has specific insight and knowledge that will make adjudication of this dispute more efficient." (*Id.*)

J&J asserts that it will be prejudiced by having to expend the resources "to brief the same arguments again based on federal precedent in California." (Dkt. 8 at 14.) Perhaps. But that burden is outweighed by the several considerations that otherwise warrant a transfer; moreover, J&J could have avoided the purported burden by consenting to transfer, which it did not do. *See Drummond Co., Inc. v. VICE Media LLC*, No. 21-MC-859, 2022 WL 445681, at *3 (S.D.N.Y. Feb. 14, 2022) (transferring motion to compel compliance with a Rule 45 subpoena because factors favoring transfer outweighed any prejudice to respondent). To the extent not discussed herein, the Court has considered J&J's arguments regarding transfer to be either moot or without merit.

Accordingly, the Clerk of Court is respectfully direct to transfer this case to the Northern District of California. Judge Cronan may find it salutary to close the case upon transfer.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 23, 2026
New York, New York

Copies transmitted this date to all counsel of record.